UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| SAMUEL DIAZ,<br>    Plaintiff,<br><br>    v.<br><br>STATE OF RHODE ISLAND, et al.,<br>    Defendants. | C.A. No. 21-208-JJM-PAS |

ORDER

Plaintiff Samuel Diaz has filed a civil rights Complaint (ECF No. 1) in this Court pursuant to 42 U.S.C. § 1983, alleging numerous violations of his constitutional rights.   He has also filed an Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2), a Motion for Appointment of Counsel (ECF No. 3), and a Motion for a Preliminary Injunction and a Temporary Restraining Order. ECF No. 4.  In connection with proceedings *in forma pauperis*, the Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.   Having done so, the Court concludes that Mr. Diaz has failed to state a claim on which relief may be granted by this Court.

Mr. Diaz is incarcerated at the Adult Correctional Institutions ("ACI"), Cranston, Rhode Island.  He appears to challenge state proceedings relating to his arrest and incarceration for a probation violation and for violating a No Contact Order in state court.  He also claims, without elaboration, that he has been assaulted three times and that his life is in danger.  Mr. Diaz seeks compensatory and punitive damages as well as declaratory and injunctive relief.

*Legal Standard*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion. *Chase v. Chafee*, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011). "To state a claim on which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). In making this determination, the Court must accept a plaintiff's well-pled factual allegations as true and construe them in the light most favorable to him. *Id.* Although the Court must review pleadings of a *pro se* plaintiff liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court need not credit bald assertions or unverifiable conclusions, *Chase*, 2011 WL 6826504, at *2. Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

"Section 1983 creates a remedy for violation of federal rights committed by persons acting under color of state law." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 40 (1st Cir. 2009) (internal quotation marks omitted). To maintain a § 1983 action, a plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief. *Iqbal*, 556 U.S. at 678. Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action. *Sanchez*, 590 F.3d at 41 (citing 42 U.S.C. § 1983).

*Discussion*

2

Mr. Diaz names sixteen Defendants, all of whom were involved in some way in his state criminal proceedings. ECF No. 1 at 3-4. His allegations include violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as fraud, entrapment, kidnapping, and false imprisonment. *See generally* Complaint. However, the Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (internal footnote omitted); *see also id.* at 489 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). Thus,

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.

Mr. Diaz has not demonstrated that his state convictions and/or sentences have been invalidated. He states that his application for state postconviction relief was denied (ECF No. 1 at 55), and he currently has a petition for writ of habeas corpus

3

pursuant to 28 U.S.C. § 2254 pending in this Court, *see* C. A. No. 20-383-MSM.[1] Therefore, under *Heck*, the Court may not award monetary damages of any kind.

As for Mr. Diaz's requests for declaratory and injunctive relief, although not barred by *Heck*, it is unclear what he would like the Court to declare or enjoin. However, to the extent he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Referring to Defendants, Mr. Diaz states that he "want[s] charge[s] against them," Complaint at 9, but that request is beyond the power of this Court to grant.

In short, Mr. Diaz has failed to state a claim cognizable in this Court at this time. Accordingly, the Complaint is DISMISSED without prejudice to being refiled if his state convictions are overturned.[2] All remaining motions are DENIED as moot.

---

[1] The State has moved to dismiss Mr. Diaz's petition. *See* ECF No. 21 in C. A. No. 20-383-MSM.

[2] Regarding Mr. Heck's claim that he was assaulted three times (ECF No. 1 at 39), it is unclear whether these alleged assaults took place while in police custody or while at the ACI. Nor is it clear how his life is in danger. *See id.* at 56. To the extent he alleges events that occurred at the ACI—and which do not implicate the validity of his convictions—he may file a separate complaint raising those allegations.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

May 19, 2021